IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Civil Case No.

**RUBEN CRUZ,** on behalf of himself and
all others similarly situated,

      Plaintiff,

v.                                                      **CLASS ACTION**
                                                       **JURY TRIAL DEMANDED**
**LAW OFFICES OF DANIEL C. CONSUEGRA,**   **INJUNCTIVE RELIEF SOUGHT**
**P.L.,** a Florida Professional Limited Liability
Company, and **DYCK-O'NEAL, INC.**, a Texas
Corporation,

      Defendants.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff RUBEN CRUZ, by and through the undersigned counsel, brings this suit against Defendants, LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., a Florida Professional Limited Liability Company, and DYCK-O'NEAL, INC., a Texas Corporation, and alleges:

**I.   INTRODUCTION**

1.   This is a class action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2.   This action arises out of Defendants' systematic violations of the FDCPA's venue provision, and more specifically, by filing suit against Plaintiff and members the putative class in venues other than where they reside, in contravention of § 1692i(a).

3.   Defendants' systematic conduct constitutes actual harm to thousands of individuals like Plaintiff, who are being forced to defend themselves in distant or inconvenient courts against an unanticipated and unfamiliar debt buyer.  The real risk for these individuals comes in the form

of having a default judgment entered against them with repercussions such as garnishment and other forms of asset seizure.  As one Court has recognized:

> "In enacting the provision, Congress was concerned about consumers having to defend against suits in 'distant or inconvenient' courts." Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1515 (9th Cir. 1994) (quoting S. Rep. No. 382, 95th Cong., 1st Sess. 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699). Once the debt collector sues in the wrong venue, the consumer must defend, and the damage is done.  See Oglesby v. Rotche, No. 93–C–4183, 1993 WL 460841, at *10 (N.D. Ill. Nov. 5, 1993) (holding that a violation of §1692i is "in the nature of a statutory tort which is completed upon the filing of an action in an improper venue").  The consumer can then request a transfer to an appropriate venue and file an action against the debt collector for actual damages and any related costs and attorney's fees. Id. § 1692k.

Beeler-Lopez v. Dodeka, LLC, 711 F. Supp. 2d 679, 681 (E.D. Tex. May 7, 2010).

"Congress meant to combat default-judgment-seeking debt collectors who file suit in courts 'so distant or inconvenient that consumers are unable to appear.'  S. Rep. No. 95–382, at 5 (1977)." Suesz v. Med-1 Solutions, LLC, 757 F.3d 636, 655 (7th Cir. 2014); accord Smith v. Solomon & Solomon, 714 F.3d 73, 76 (1st Cir. 2013); Serna v. Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440, 447 (5th Cir. 2013); Hess v. Cohen & Slamowitz LLP, 637 F.3d 117, 120 (2d Cir. 2011).

4.   Plaintiff seeks an award of statutory damages under the FDCPA for himself and each member of the putative class.  In addition, Plaintiff seeks actual damages under the FDCPA for himself but not on behalf of any class members.

## II.     JURISDICTION AND VENUE

5.     This Court has jurisdiction under 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.  Venue is proper in this District because Defendants are engaged in business in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.    PARTIES

6.     Plaintiff, RUBEN CRUZ. ("MR. CRUZ"), is a natural person, and a citizen and resident of Tequesta (Palm Beach County), Florida.

7.     Defendant, LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. ("CONSUEGRA LAW"), is a Florida Professional Limited Liability Company and law firm engaged in the business of debt collection, including but not limited to the filing of deficiency judgment actions throughout this District.  The principal place of business for CONSUEGRA LAW is 9204 King Palm Drive, Tampa, Florida 33619.

8.     Defendant, DYCK-O'NEAL, INC. ("DYCK-O'NEAL"), is a Texas corporation with its principal place of business in Arlington, Texas.  DYCK-O'NEAL is a nationwide debt buyer and debt collector of foreclosure judgments, among other things, conducting such activity in this District.

9.     Together, Defendants regularly collect or attempt to collect debts for themselves and other parties through themselves or agents.  At all times material to the allegations of this Complaint, Defendants were acting as debt collectors, as that term is defined under the FDCPA, with respect to the collection of the Plaintiff's and the putative class's debts.

**IV.    FACTUAL ALLEGATIONS**

10. On June 24, 2005, MR. CRUZ executed a note and mortgage in favor of Guaranteed Rate, Inc. ("Guaranteed"), which was a refinance loan for purchase money on MR. CRUZ'S personal residence which was located within Broward County Florida ("Subject Loan").

11. On March 3, 2009, Guaranteed filed a foreclosure action against MR. CRUZ in the circuit court of Florida's Seventeenth Judicial Circuit, in and for Broward County, Florida, which culminated in a foreclosure judgment in favor of Guaranteed ("Foreclosure Judgment").

12. Subsequently, Guaranteed sold or assigned its Foreclosure Judgment to the Federal National Mortgage Association ("FNMA").

13. Upon information and belief, FNMA bundled thousands of foreclosure judgments together and sold them to Defendant DYCK-O'NEAL for $1.00 each.

14. Rather than re-open the original foreclosure case, DYCK-O'NEAL though its agent, CONSUEGRA LAW, filed a new and independent deficiency lawsuit against MR. CRUZ on May 21, 2014, in the circuit court of Florida's Seventeenth Judicial Circuit, in and for Broward County, Florida (hereinafter the "Deficiency Judgment Action").

15. In the Deficiency Judgment Action, DYCK-O'NEAL alleged that Federal National Mortgage Association ("FNMA") sold or assigned the Foreclosure Judgment to DYCK-O'NEAL.

16. DYCK-O'NEAL, through its agent, CONSUEGRA LAW, filed thousands of lawsuits in this District based on this same scenario.

17. In the Deficiency Judgment Action, Defendants sought a judgment against MR. CRUZ in the amount of $104,523.53 in damages, plus interest, costs, and attorney's fees, which was alleged to be the amount remaining from the foreclosure judgment after subtracting the subject property's appraised value ("Deficiency Judgment Complaint").

4

18. Defendants simultaneously filed the Deficiency Judgment Complaint and a summons for issuance by the circuit court clerk, to be served on MR. CRUZ at his residence in Palm Beach County, Florida, and requesting that MR. CRUZ respond to "ATTORNEY FOR PLAINTIFF[,] DANIEL C. CONSUEGRA, ESQUIRE[,] 9204 King Palm Drive[,] Tampa, FL 33619-1328."

19. At the moment Defendants filed the Deficiency Judgment Complaint and corresponding Summons, Defendants knew that they were filing a deficiency lawsuit in Broward County, Florida based on a judgment, despite the fact that Plaintiff resided in Palm Beach County, Florida.

20. After the Deficiency Judgment Complaint was served, Defendants were again notified by an affidavit of service that Plaintiff resides in Palm Beach County, Florida.

21. The "venue" provision of the FDCPA provides that a debt collector shall bring any legal action, excepting an action to enforce an interest in real property:

[O]nly in the judicial district or similar legal entity - -

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a).

22. Under Florida law, the doctrine of merger dictates that an action for a deficiency judgment is not based on the mortgage or note, but is instead based on the foreclosure judgment. See, e.g., Weston Orlando Park, Inc. v. Fairwinds Credit Union, 86 So. 3d 1186, 1187 (Fla. 5th DCA 2012) ("The doctrine of merger provides that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates.")

(citing Diamond R. Fertilizer Co., Inc. v. Lake Packing P'ship, 743 So. 2d 547, 548 (Fla. 5th DCA 1999); Vernon v. Serv. Trucking, Inc., 565 So.2d 905, 906 (Fla. 5th DCA 1990).

23. As such, the promissory note and the mortgage executed by MR. CRUZ merged into the final judgment. Nack Holdings, LLC v. Kalb, 13 So. 3d 92, 94 n.2 (Fla. 3d DCA 2009) ("The mortgage is merged into the judgment, is thereby extinguished, and 'loses its identity.'"). And, a subsequent action based upon the original note and mortgage is barred. 32 Fla. Jur. 2d Judgment and Decrees § 116 (1994); Sunshine Utils. Equip., Inc. v. Treasure Coast Utils., Inc., 421 So. 2d 1096 (Fla. 4th DCA 1982).

24. Thus, the Deficiency Judgment Complaints filed by Defendants arise from a final judgment and not from the original note or mortgage.

25. Because the Deficiency Judgment Action is based on the Foreclosure Judgment rather than the note, the only venue in which Defendants could properly file the Deficiency Judgment Action against Plaintiff was where he resided at the time the Deficiency Action was filed—Palm Beach County, Florida. See 15 U.S.C. § 1692i(a)(2). By knowingly filing a legal action to collect a deficiency judgment against Plaintiff in Broward County, Florida, when Defendants knew that Plaintiff resided in Palm Beach County, Defendants violated the venue provision of the FDCPA.

26. Upon information and belief, Defendants filed these deficiency judgment actions in counties different from where the consumers reside, to make the lawsuits unfairly difficult to defend and easier to prosecute.

V. **DEFENDANT'S PRACTICES**

27. Upon information and belief, DYCK-O'NEAL purchased thousands of deficiency judgments pursuant to a "Deficiency Pursuit Agreement" between FNMA and DYCK-O'NEAL,

including the debts of Plaintiff and other putative class members. Its business model is based on obtaining deficiency judgments and the collection of funds from debtors over time through garnishment or other means. As part of this larger transaction, DYCK-O'NEAL contracted with CONSUEGRA LAW to file thousands of deficiency judgment actions throughout the state of Florida.

28. Upon information and belief, it is the policy and practice of Defendants to routinely file deficiency judgment actions in the Court that entered the original foreclosure judgment regardless of where the consumer resides, in an attempt to diminish the consumers' ability to defend the actions.

29. By filing the deficiency judgment actions in counties different from where the consumers reside, Defendants have a greater likelihood of obtaining default judgments against those consumers.

30. Because it is believed that DYCK-O'NEAL purchased the deficiency judgments of Plaintiff and the putative class for pennies on the dollar, default judgments and subsequent asset garnishment provides a significant return on its investment.

**VI.  CLASS ACTION ALLEGATIONS**

31. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this action on behalf of himself and all others similarly situated.

32. The Class is defined as:

   All Florida residents against whom:

   (3) lawsuits CONSUEGRA LAW filed on behalf of DYCK-O'NEAL, in any County within the Southern District of Florida to collect alleged deficiency judgments arising from foreclosure judgments on consumer loans ("Lawsuits") as indicated by the loan documents;

(2) where such persons resided outside the county in which the lawsuits were filed as indicated by the address listed on the summons served with the complaint;

(3) within the one-year period of time prior to the filing of this Complaint and continuing through the date the Court certifies the Class.

33. Plaintiff is unable to state the exact number of members of the putative Class because that information is solely in the possession of Defendants.  However, the exact number of Class members, including the names and addresses of all Class members, will be easily ascertained through a review of Defendants' business records and court filings.  Upon information and belief, the putative Class exceeds several hundred consumers.  It is believed that DYCK-O'NEAL purchased thousands of deficiency judgments similar to Plaintiff's alleged debt, and has filed legal actions on the vast majority of them due to statutory deadlines for filing deficiency judgments.  Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

34. Questions of law and fact common to the Plaintiff and the putative Class exist and predominate over questions affecting only individual members, including whether Defendants violated 15 U.S.C. § 1692i by bringing deficiency actions against consumers (Plaintiff and the putative Class) in counties different from where the consumers reside.

35. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the putative Class because, upon information and belief, Defendants have filed suit against consumers in the wrong county for deficiencies related to foreclosure judgments.  The claims of the Plaintiff and of the putative Class originate from the same conduct, practice, and procedure, on the part of Defendants.  Plaintiff possesses the same interests and has suffered the same injuries as each putative Class member.

36. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the putative Class because he has no interest antagonistic to the Class he seeks to

represent, and because the adjudication of his claims will necessarily decide the identical issues for other Class members. Whether the Defendants' uniform conduct of suing consumers in counties different from where they reside violates the FDCPA's venue provision is an issue that will be decided for all other members of the putative Class. There is nothing peculiar about the Plaintiff's situation that would make him an inadequate class representative. Plaintiff has retained counsel competent and experienced in consumer protection, and Class action litigation.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent the Class on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the Defendants' conduct violates the FDCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

38. Plaintiff, on behalf of himself and all others similarly situated, repeat and re-allege each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

39. At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), as indicated on the loan documents. Plaintiff and Class members

were allegedly obligated to pay deficiency judgments created by an underlying foreclosure judgment, as alleged in the Deficiency Judgment Actions.

40. At all material times, Plaintiff's debt and the debts of the Class members were "debts" as defined by 15 U.S.C. § 1692a(5). The foreclosure judgments of Plaintiff and the Class arose out of transactions which were initially entered into for personal, family, and household purposes, and were subsequently reduced to judgment.

41. At all material times, Defendants were "debt collectors" as defined by 15 U.S.C. § 1692a(6).

   a. The principal purpose of DYCK-O'NEAL is collection of debts, and pursuant to the same, DYCK-O'NEAL used instrumentalities of interstate commerce, through itself or agents, by mailing letters regarding debts and using process servers across state lines. DYCK-O'NEAL also regularly collects directly or indirectly, debts that were originally owned by another—as in this case. Finally, DYCK-O'NEAL calls itself a debt collector and a debt buyer in communications to consumers.

   b. The principal purpose of CONSUEGRA LAW is collection of consumer debts, and pursuant to the same, the CONSUEGRA LAW used instrumentalities of interstate commerce by mailing letters regarding debts and using process servers across state lines. CONSUEGRA LAW also regularly collects directly or indirectly, debts originally owned by another—as in this case. Finally, CONSUEGRA LAW calls itself a debt collector in communications to consumers.

42. Defendants violated the FDCPA's venue provision by bringing legal actions to collect deficiency judgments against Plaintiff and the Class in Florida, despite the fact that Plaintiff

and the Class resided in counties other than where the legal actions were filed at the time the complaints were filed.

43.     Defendants filed standard deficiency judgment complaints against Plaintiff and all Class members, which included similar, if not an identical Summons as used in the Deficiency Judgment Action.

44.     Section 1692i of the FDCPA requires that Defendants file their Deficiency Judgment Complaints against Plaintiff and the putative Class where the consumers reside, not where the underlying foreclosure action took place.

45.     The definition of consumer debt for venue purposes under the FDCPA is, "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, **whether or not such obligation has been reduced to judgment**." Because the debts at issue originated as consumer debts, the FDCPA applies to the deficiency actions filed by Defendants against Plaintiff and the putative Class, although the deficiency actions are not based on the mortgage or note.   See, e.g., Weston Orlando Park, Inc. v. Fairwinds Credit Union, 86 So. 3d 1186, 1187 (Fla. 5th DCA 2012) ("The doctrine of merger provides that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates.").  Therefore, the only appropriate venue where Defendants could have lawfully sued Plaintiff and the Class is the county where they reside.  See § 1692i(a)(2).

46.     Defendants knew or should have known that the proper venue to file the legal action for deficiency judgment against Plaintiff was his place of residence, in Palm Beach County, instead

of Broward County.  Defendants drafted the Summons with a Palm Beach County address, hired a process server there, and received a return of service confirming that Plaintiff was in fact served at his residence in Palm Beach County.

47. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and the Class are entitled to statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

48. In addition to the statutory relief, Plaintiff seeks to recover his individual actual damages caused by Defendants' violation of FDCPA § 1692i(a)(2).  Specifically, Plaintiff suffered actual damages through the payment of $4,000.00 in attorney fees that were paid to represent him in the Deficiency Judgment Action.  Plaintiff is seeking no actual damages on behalf of the Class for the FDCPA violations asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class representative, and appointing the undersigned as Class Counsel;

b. Adjudging that Defendants violated the FDCPA, 15 U.S.C. § 1692i, and awarding Plaintiff and the Class members statutory damages pursuant to 15 U.S.C. § 1692k;

c. Awarding Plaintiff his individual actual damages pursuant to 15 U.S.C. § 1692k; and

d. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 26, 2015					Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

 /s/ **Austin Brown**
Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone:  (904) 733-7766
Facsimile: (904) 733-2919
*service@jaxlawcenter.com (primary)*
*abrown@jaxlawcenter.com (secondary)*

**VARNELL & WARWICK, P.A.**

 /s/ **Brian W. Warwick**
Brian W. Warwick
Florida Bar No.:  0605573
Janet R. Varnell
Florida Bar No.:  0071072
P.O. Box 1870
Lady Lake, FL  32158
Telephone: (352) 753-8600
Facsimile:  (352) 504-3301
*bwarwick@varnellandwarwick.com (primary)*
*jvarnell@varnellandwarwick.com (primary)*
*marnst@varnellandwarwick.com (secondary)*