UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RUBEN CRUZ, on behalf of himself and all
others similarly situated,

      Plaintiff,

vs.

LAW OFFICES OF DANIEL C.
CONSUEGRA, P.L., a Florida Limited Liability
Company, and DYCK-O'NEAL, INC., a Texas
Corporation. ,

      Defendants

Case No.. 9:15-cv-80261-wpd

_____/

## CONSUEGRA DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant LAW OFFICES OF DANIEL C. CONSUEGRA P.L., ("Consuegra Law"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint [DE 6], and states:

1. All allegations are denied unless specifically admitted, including any allegations of fault, causation, liability, negligence, breach, duty, damages and statutory liability.

2. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff purport to allege claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies that it violated the FDCPA, or any other statute or law, and denies that it is liable to Plaintiff or any putative class member. Defendant further denies any remaining allegations in the opening paragraph.

3. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff purport to allege claims pursuant to the FDCPA. Defendant denies that it violated the FDCPA, or any other statute or law, and denies that it is liable to Plaintiff or any putative class member. Defendant further denies any remaining allegations.

4. Defendant denies the allegations in Paragraph 3 of the Complaint to the extent such is required. Plaintiff's reference to the purpose of the FDCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute, case law and congressional intent is the best evidence of its contents. Defendant denies that it violated the FDCPA, and denies that it is liable to Plaintiff or any class member.

5. In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the FDCPA. Defendant denies that it violated the FDCPA, or any other statute or law, and denies that it is liable to Plaintiff or any putative class member. Defendant further denies any remaining allegations.

## JURISDICTION AND VENUE

6. In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff purport to allege jurisdiction and venue are proper within the jurisdiction of this Court. Defendant is without sufficient knowledge of the requisite facts necessary to frame a response to the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same as phrased. Defendant denies that it violated the FDCPA, and denies that it is liable to Plaintiff or any putative class member. All other allegations are denied.

## PARTIES

7. In response to Paragraph 6 of the Complaint, Defendant admits that Plaintiff is a natural person. Defendant is without knowledge of the facts necessary to determine the conclusion as applied to Plaintiff. Defendant denies any remaining allegations in this paragraph.

8. In response to the allegations in Paragraph 7 of the Complaint, Defendant admits that it is a law firm authorized to do business in Florida, and has an office in Tampa, Florida as alleged. Defendant admits that represents its clients' interests, including the collection of amounts owed to its clients by others. This Defendant is without knowledge of the requisite

facts necessary to frame a response to the remainder of the allegations, which seek legal conclusions. Defendant denies any remaining allegations in this paragraph.

9. In response to the allegations in Paragraph 8 of the Complaint, the allegations are directed towards another Defendant, to which no response is required by this Defendant. To the extent a response is required, upon information and belief, Defendant admits that Dyck-ONeil has an office in Texas. This Defendant is without knowledge of the requisite facts necessary to frame a response to the remainder of the allegations, which seek legal conclusions. All other allegations are denied as phrased.

10. In response to Paragraph 9 of the Complaint, Defendant admits that it is a law firm that represents its clients' interests, including the collection of amounts owed to its clients by others. The remainder of the allegations call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant is without knowledge of the facts necessary to determine the conclusion as applied to Plaintiff and the putative class members. Defendant denies any remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

11. Defendant is without sufficient knowledge of the requisite facts necessary to frame a response to the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same as phrased. The documents referenced speak for themselves.

12. Defendant is without sufficient knowledge of the requisite facts necessary to frame a response to the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same as phrased.

13. Defendant is without sufficient knowledge of the requisite facts necessary to frame a response to the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same as phrased.

15052729v1 3032

14. Defendant is without sufficient knowledge as to the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same as phrased.

15. In response to Paragraph 14 of the Complaint, Defendant admits it filed an action against a person with similar name as Plaintiff, and the Complaint filed is the best evidence of its contents. Defendant is without knowledge whether Plaintiff is who he claims to be, and is without knowledge of the remainder of the allegations, and therefore denies the same.

16. In response to Paragraph 15 of the Complaint, Defendant admits it filed an action against a person with similar name as Plaintiff, and the Complaint filed is the best evidence of its contents. Defendant is without knowledge whether Plaintiff is who he claims to be, and is without knowledge of the remainder of the allegations, and therefore denies the same.

17. In response to Paragraph 16 of the Complaint, Defendant admits it filed actions on behalf of Dyck-O'Neal. Defendant is without sufficient knowledge as to the remainder of the allegations, which would require an individual inquiry as to the nature and circumstances of each action, and therefore denies the same as phrased.

18. In response to Paragraph 17 of the Complaint, Defendant admits it filed an action against a person with similar name as Plaintiff, and the Complaint filed is the best evidence of its contents. Defendant is without knowledge whether Plaintiff is who he claims to be, and is without knowledge of the remainder of the allegations, and therefore denies the same.

19. In response to Paragraph 18 of the Complaint, Defendant admits it filed an action against a person with a similar name as Plaintiff, and the referenced summons is the best evidence of its contents. Defendant is without knowledge whether Plaintiff is who he claims to be, and is without knowledge of the remainder of the allegations, and therefore denies the same.

20. In response to Paragraph 19 of the Complaint, Defendant admits it filed an action against a person with a similar name as Plaintiff, and the referenced complaint and summons are the best evidence of their contents. Defendant is without knowledge whether Plaintiff is who he claims to be, and is without knowledge of the remainder of the allegations, and therefore denies the same.

21. In response to Paragraph 20 of the Complaint, Defendant admits it filed an action against a person with a similar name as Plaintiff, and the referenced document is the best evidence of its contents. Defendant is without knowledge whether Plaintiff is who he claims to be, and is without knowledge of the remainder of the allegations, and therefore denies the same.

22. In response to the allegations in Paragraph 21 of the Complaint, Plaintiff's reference to the FDCPA is not a fact that requires a response, and the referenced statute is the best evidence of its contents. Defendant denies that it violated the FDCPA, and denies that it is liable to Plaintiff or any class member. All other allegations are denied.

23. In response to the allegations in Paragraph 22 of the Complaint, Plaintiff's reference to the FDCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the FDCPA, and denies that it is liable to Plaintiff or any class member. All other allegations are denied.

24. In response to the allegations in Paragraph 23 of the Complaint, Plaintiff's reference to the FDCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the FDCPA, and denies that it is liable to Plaintiff or any class member. All other allegations are denied.

25. In response to the allegations in Paragraph 24 of the Complaint, Plaintiff's reference to the FDCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the FDCPA, and denies that it is liable to Plaintiff or any class member. All other allegations are denied.

26. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

### DEFENDANT'S PRACTICES

28. In response to Paragraph 27 of the Complaint, some the allegations are directed towards another Defendant, to which no response is required by this Defendant. To the extent a response is required, Defendant is without knowledge of the facts necessary to respond. Defendant admits that it filed lawsuits on behalf of Dyck-O'Neal. All other allegations are denied.

29. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

30. Defendant is without sufficient knowledge as to the allegations contained in Paragraph 29 of the Complaint, and therefore denies the same as phrased.

31. Defendant is without sufficient knowledge as to the allegations contained in Paragraph 30 of the Complaint, and therefore denies the same as phrased.

### CLASS REPRESENTATION ALLEGATIONS

32. In response to Paragraph 31 of the Complaint, Defendant admits that Plaintiff is attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 31 of the Complaint.

15052729v1 3032

33. In response to Paragraph 32 of the Complaint, Defendant admits that Plaintiff has filed this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified and therefore, denies the allegations contained in Paragraph 32 of the Complaint.

34. In response to Paragraph 33 of the Complaint, Defendant admits that Plaintiff has filed this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified and therefore, denies the allegations contained in Paragraph 33 of the Complaint.

35. In response to Paragraph 34 of the Complaint, Defendant admits that Plaintiff has filed this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified and therefore, denies the allegations contained in Paragraph 34 of the Complaint.

36. In response to Paragraph 35 of the Complaint, Defendant admits that Plaintiff has filed this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified and therefore, denies the allegations contained in Paragraph 35 of the Complaint.

37. In response to Paragraph 36 of the Complaint, Defendant admits that Plaintiff has filed this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified and therefore, denies the allegations contained in Paragraph 36 of the Complaint.

38. In response to Paragraph 37 of the Complaint, Defendant admits that Plaintiff has filed this claim on behalf of a putative class. Defendant denies that any class exists or that any

class should be certified and therefore, denies the allegations contained in Paragraph 37 of the Complaint.

## **COUNT I– FDCPA**

39. In response to Paragraph 38 of the Complaint, Defendant reasserts its responses to Paragraphs 1 through 37.

40. In response to Paragraph 39 of the Complaint, such calls for a legal conclusion, to which no response is required. To the extent a response is required, this Defendant is without knowledge of the requisite facts necessary to frame a response to the remainder of the allegations, which seek legal conclusions as to individual files and facts that require individualized inquiries based upon facts unknown to this Defendant. All other allegations are denied as phrased.

41. In response to Paragraph 40 of the Complaint, such calls for a legal conclusion, to which no response is required. To the extent a response is required, this Defendant is without knowledge of the requisite facts necessary to frame a response to the remainder of the allegations, which seek legal conclusions as to individual files and facts that require individualized inquiries based upon facts unknown to this Defendant. All other allegations are denied as phrased.

42. In response to Paragraph 41 of the Complaint, such calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that it is a law firm that represents its clients' interests, including the collection of amounts owed to its clients by others. Defendant is without knowledge of the facts necessary to determine the conclusion as applied to Plaintiff and the putative class members. Defendant denies any remaining allegations in this paragraph as phrased. Defendant denies it violated the FDCPA or any other law, and denies it is liable to Plaintiff or the putative class.

43. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

44. Defendant is without sufficient knowledge as to the allegations contained in Paragraph 43 of the Complaint, and therefore denies the same as phrased.

45. In response to Paragraph 44 of the Complaint, such calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

46. In response to the allegations in Paragraph 45 of the Complaint, Plaintiff's reference to the FDCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the FDCPA, and denies that it is liable to Plaintiff or any class member. All other allegations are denied.

47. In response to Paragraph 46 of the Complaint, such calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that it is a law firm that represents its clients' interests, including the collection of amounts owed to its clients by others. Defendant is without knowledge of the facts necessary to determine the conclusion as applied to Plaintiff. Defendant denies any remaining allegations in this paragraph as phrased. Defendant denies it violated the FDCPA or any other law, and denies it is liable to Plaintiff or the putative class.

48. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

50. Defendant denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief.

Case No. 9:15-cv-80261-wpd

## **AFFIRMATIVE DEFENSES**

1. Defendant states that if it violated the FDCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

2. Plaintiff's and the putative class' claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any.

3. Plaintiff's and the putative class' claims are barred in whole or in part by the applicable statute of limitations, to the extent that the alleged actions occurred outside of the one year limitations period of the FDCPA.

4. Plaintiff's and the putative class' claims may be barred in whole or in part by the doctrines of waiver and/or consent.

5. Plaintiff's and the putative class' claims are barred by litigation immunity/privilege.

6. Plaintiff's and the putative class' claims may be barred in whole or in part by laches.

7. Plaintiff's and the putative class claims are barred in whole or in part by the *Rooker-Feldman* Doctrine and this Court lacks jurisdiction.

8. Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff and putative class members with respect to the same alleged injuries. Defendant is entitled to have any damages that may be awarded to Plaintiff and putative class members reduced by the value of any benefit or payment to Plaintiff and putative class members from any collateral source.

15052729v1 3032

9. Maintenance of this action as a class action would violate Defendants' rights to be confronted with the witnesses against it as provided in the Sixth Amendment to the United States Constitution.

10. Plaintiff and the putative class members' claims are barred, in whole or in part, by the doctrines of settlement, release and *res judicata*.

11. Plaintiff and putative class members lack standing because there is not a live case or controversy under Article III of the U.S. Constitution, including that no actual damages have been incurred by Plaintiff or the putative class members.

12. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

## ATTORNEY'S FEES AND COSTS

13. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

14. Plaintiff's claims are asserted against this Defendant in bad faith or for the purpose of harassment, and are vexatious.

15. Defendant is entitled to the award of attorney's fees and costs pursuant to 28 U.S.C. §§ 1927, 1920, and 15 U.S.C. § 1692k.

WHEREFORE, Defendant, LAW OFFICES OF DANIEL C. CONSUEGRA P.L., respectfully requests this Court enter judgment in its favor and against Plaintiff, to award costs and attorney's fees pursuant to 15 U.S.C. § 1692k, 28 U.S.C. §§ 1920, 1927, in favor of

Case No. 9:15-cv-80261-wpd

Defendant, LAW OFFICES OF DANIEL C. CONSUEGRA P.L., and to award any other relief in favor of Defendant this Court deems just and appropriate.

> *s/ David P. Hartnett*
> David P. Hartnett
> Florida Bar No. 946631
> E-Mail:  dhartnett@hinshawlaw.com
> West A. Holden
> Florida Bar No. 0113569
> E-Mail:  wholden@hinshawlaw.com
> HINSHAW & CULBERTSON LLP
> 2525 Ponce de Leon Blvd.,  4th Floor
> Coral Gables, FL 33134
> Telephone: 305-358-7747
> Facsimile: 305-577-1063
> Secondary: clucas@hinshawlaw.com

15052729v1 3032

Case No. 9:15-cv-80261-wpd

## CERTIFICATE OF SERVICE

I CERTIFY that the foregoing document is being served on May 6, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day electronically via CM/ECF on all counsel of record identified on the attached Service List.

**PARKER & DUFRESNE, P.A.**
E. Warren Parker, Esquire
Florida Bar No. 958506
Austin Brown, Esquire
Florida Bar No. 96633
8777 San Jose Blvd., Ste. 301
Jacksonville, FL. 32217
Phone: 904 733-7766
Fax: 904 733-2919
E-Mail: service@jaxlawcenter.com
abrown@jaxlawcenter.com

COUNSEL FOR PLAINTIFF

VARNELL & WARWICK, P.A.
Brian W. Warwick, Esquire
Florida Bar No. 605573
Janet R. Varnell, Esquire
Florida Bar No. 071072
Steven T. Simmons, Esquire
Florida Bar No. 0 91654
Post Office Box 1870
Lady Lake, FL 32158
Phone: 352 753-8600
Fax: 352 504-3301
E-Mail: ssimons@varnellandwarwick.com
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
marnst@varnellandwarwick.com
ccarter@varnellandwarwick.com
COUNSEL FOR PLAINTIFF

*s/ David P. Hartnett*
David P. Hartnett

15052729v1 3032