UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 15-CV-80261

RUBEN CRUZ, on behalf of himself
and all other similarly situated,

    Plaintiffs,

v.

LAW OFFICES OF DANIEL C.
CONSUEGRA, P.L., a Florida Limited
Liability Company,
and
DYCK-O'NEAL, INC.
a Texas Corporation,

    Defendants.
_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant DYCK-O'NEAL, INC. ("Defendant"), by and through its undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

1. Admitted that Plaintiffs seek relief under the named statutes but denied that Plaintiff is entitled to any relief thereunder. Denied that Defendant violated the named statutes.

2. Denied.

3. Denied.

4. Admitted that Plaintiffs seek an award of statutory and actual damages under the FDCPA for himself, and an award of statutory damages under the FDCPA for each member of the putative class. Denied that Plaintiffs are entitled to such relief.

5. Admitted that this Court has jurisdiction. As to all other allegations contained in this paragraph, Defendant is without knowledge sufficient to determine the veracity of the

allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

6. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

7. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

8. Admitted that Defendant is a Texas Corporation with its principal place of business in Arlington, Texas and that at times Defendant buys debts.  As to all other allegations contained in this paragraph, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

9. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

10. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

11. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

12. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

13. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

14. Admitted that the underlying action in the Circuit Court in and for Broward County Florida speaks for itself.  As to all other allegations contained in this paragraph of the

Complaint, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

15. Admitted that the underlying action in the Circuit Court in and for Broward County Florida speaks for itself. As to all other allegations contained in this paragraph of the Complaint, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

16. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

17. Admitted that the underlying action in the Circuit Court in and for Broward County Florida speaks for itself. As to all other allegations contained in this paragraph of the Complaint, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

18. Admitted that the underlying action in the Circuit Court in and for Broward County Florida speaks for itself. As to all other allegations contained in this paragraph of the Complaint, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

19. Denied.

20. Denied.

21. Admitted that the FDCPA states what it states. As to all other allegations contained in this paragraph of the Complaint, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

22. Admitted that the doctrine of merger states what it states. As to all other allegations contained in this paragraph of the Complaint, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

23. Admitted that *Nack Holdings LLC v. Kalb,* 13 So.3d 92, 94 n.2 (Fla 3rd DCA 2009), 32 Fla. Jur. 2d *Judgment and Decrees* § 116 (1994), and *Sunshine Utlis. Equip. Inc., v. Treasure Coast Utils. Inc.,* 421 So.2d 1096 (Fla 4th DCA 1982) state what they state, as to all other allegations contained in this paragraph, denied.

24. Admitted that *Nack Holdings LLC v. Kalb,* 13 So.3d 92, 94 n.2 (Fla 3rd DCA 2009), 32 Fla. Jur. 2d *Judgment and Decrees* § 116 (1994), and *Sunshine Utlis. Equip. Inc., v. Treasure Coast Utils. Inc.,* 421 So.2d 1096 (Fla 4th DCA 1982) state what they state, as to all other allegations contained in this paragraph, denied.

25. Denied.

26. Denied.

27. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

28. Denied.

29. Denied.

30. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demand strict proof thereof.

31. Admitted that Plaintiffs attempts bring this action as a class action. Denied that Plaintiffs are entitled to such relief.

32. Admitted that Plaintiff attempts to define the class as stated in paragraph 32. Denied that Plaintiffs are entitled to such relief.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT I

38. Defendant reasserts its responses to paragraphs 1 through 37 of Plaintiff's Complaint as stated above.

39. Denied.

40. Denied.

41. Denied (a through b inclusive).

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff's claim are barred in whole or in part by the applicable statute of limitations found in the FDCPA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages as a result of any acts or omissions of Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Defendant is entitled to a set-off from any recovery made by the Plaintiffs of the debt(s) which the Plaintiffs owe to Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that to the extent any putative class member filed for Chapter 7 Bankruptcy protection after any allegedly violation of the FDCPA and/or FCCPA as detailed in this Complaint, the putative class member lacks standing as the pre-petition claim became the property of the bankruptcy estate.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that to the extent any putative class member filed for Chapter 7 Bankruptcy protection after any allegedly violation of the FDCPA and/or FCCPA as detailed in this Complaint, the class member's claims are barred by judicial estoppel unless the class members listed the potential claim as an asset in his/her bankruptcy petition.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that the cause of action set forth in Plaintiff's Complaint does not comply with S.D. Fla. Loc. R. 23.1 and thus, is not suitable for certification as a class action.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that the cause of action set forth in Plaintiffs' Complaint is not suitable for certification as a class action.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that the causes of action set forth in Plaintiffs' Complaint are not suitable for certification as a class action because the class definition is vague and ambiguous.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiffs' claims are barred by the doctrine of litigation immunity/privilege.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
/s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555